

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/09/2009

| In re: | § | |
|---|---|---|
| | § | Case No. 08-37068-H4-13 |
| **TERRY PAT WHITE,** | § | Chapter 13 |
| | § | |
| Debtor. | § | |

**MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO PROOF OF CLAIM OF
JULIA A. WHITE (PROOF OF CLAIM #8)**
[Docket No. 41]

### I. INTRODUCTION

In the case at bar, Terry Pat White (the Debtor) objects to a claim by Julia A. White (the Claimant) for $6,800.00. The Claimant asserts that her claim is for alimony and is secured by a lien against the Debtor's homestead as set forth in their divorce settlement. In response, the Debtor contends that: (1) the claim is not for a domestic support obligation or alimony; (2) the claim is invalid because the Claimant has not perfected her security interest in the Debtor's homestead; and (3) the claim may not be secured by his homestead. For the reasons set forth below, the Debtor's objection should be overruled.

### II. FINDINGS OF FACT

1. On April 17, 2007, the Debtor and the Claimant entered into a divorce settlement. [Docket No. 41-2, p. 1.]

2. The divorce settlement culminated in an Agreed Final Decree of Divorce (the Divorce Decree) signed by the family law court. [Docket No. 41-2, p. 1.]

3. The Divorce Decree is titled "Agreed Final Decree of Divorce." [Docket No. 41-2, pp. 1, 33.] Based on the title, the Divorce Decree is an agreed judgment.

4. The Divorce Decree awarded the Debtor a fee simple interest in real property described as Lot 33 Block 6 of Scarsdale, Section 3, commonly known as 12019 Pompton Drive, Houston, Texas. (Pompton Drive home) [Docket No. 41-2, p. 26.]

5. The Divorce Decree was not recorded with the County Clerk.

6. On June 4, 1986, the Debtor and the Claimant assumed joint ownership of the Pompton Drive home. [Docket No. 42.]

7. The Divorce Decree awarded the Claimant $30,000.00 in cash from the sale of the Pompton Drive home. [Docket No. 41-2, p. 26.]

8. The Divorce Decree states, "The sum of $30,000 shall be secured by a lien on the residence at the address as listed herein above." The residence referenced is the Pompton Drive home. [Docket 41-2, p. 26.]

9. Payment of the cash award is not contingent upon the Claimant being alive. [Docket No. 41-2, pp. 25-27.]

10. The Divorce Decree places no restraints upon the cash award. [Docket No. 41-2, pp. 25-27.]

11. The Divorce Decree makes no provisions to alter the cash award based upon changing circumstances—for example, a change in income or employment status—of the Claimant or the Debtor. [Docket No. 41-2, pp. 25-27.]

12. The Divorce Decree is divided into the following major sections: Appearances, Jurisdiction, Child, Conservatorship, General Terms and Conditions, Duration, Child Support, Permanent Injunctions Pertaining to Terry Pat White, Permanent and Mutual Injunctions, Division of Marital Estate, Division of Debt, All Other Property, Tax Exemptions, Costs, Special

Provisions - Waiver of Geographic Restrictions, Required Notice, and Arbitration Procedures. [Docket No. 41-2.]

13. The Divorce Decree states that the Debtor will pay mortgage payments on the Pompton Drive home "as alimony"; however, the words "as alimony" were stricken by the parties at signing. [Docket No. 41-2, p. 27.]

14. On November 3, 2008, the Debtor filed a voluntary Chapter 13 petition in this Court, commencing the above-referenced Chapter 13 case. [Docket No. 1.]

15. On March 5, 2009, the Claimant filed Proof of Claim 8 (Claim 8), which asserts a secured claim for $6,800.00, the amount outstanding on the $30,000.00 owed by the Debtor pursuant to the Divorce Decree.[1] [Docket No. 41-3, p. 1.]

16. Claimant's Proof of Claim included a complete Form 10 and attached portions of the Divorce Decree. [Proof of Claim No. 8.]

17. The Claimant has asserted "alimony" as the basis for the claim. [Docket No. 41-3, p. 1.]

18. On March 27, 2009, the Debtor filed the Debtor's Objection to Proof of Claim of Julia A. White (Proof of Claim #8) (the Objection). [Docket No. 41.]

19. The Objection included an attachment of the Divorce Decree. [Docket No. 41-2.]

20. The Debtor's Schedule A lists the Pompton Drive home as an asset valued at $88,991.00 [Docket No. 8, p. 1]; the Objection values the home at $75,000.00. [Docket No. 41, p. 1.] Based on these submissions, the Pompton Drive home is valued between $75,000.00 and $88,991.00.

21. On April 6, 2009, the Claimant filed a response to the Objection. [Docket No. 42.]

---

[1] The Pompton Drive home was never sold; rather, the Debtor made periodic payments totaling $23,200.00, leaving the Claimant with an outstanding claim for $6,800.00 secured by a lien on the Pompton Drive home.

3

22. Neither party contests the Debtor's fee simple interest in the Pompton Drive home.

23. The Chapter 13 trustee has not attempted to avoid the Claimant's lien that secures Claim 8.

### III. CONCLUSIONS OF LAW

#### A. Jurisdiction and Venue

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). This dispute is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Additionally, this matter is a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *In re Ginther Trusts*, No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance"). Venue is proper pursuant to 28 U.S.C. § 1408(1).

#### B. The Debtor's objection to Claim 8 should be overruled.

The Debtor asserts that: (1) the claim is not for a domestic support obligation; (2) the lien is not properly perfected and therefore Claim 8 is not secured by the Debtor's homestead; and (3) even if Claim 8 could be secured, it may not be secured by the Debtor's homestead. This Court agrees that the claim is not for a domestic support obligation; however, this Court finds that the lien is valid as between the Debtor and the Claimant, and that therefore Claim 8 is properly secured by the Debtor's homestead.

1. **The claim is not for a domestic support obligation.**

The Claimant asserts that her claim is a domestic support obligation in the form of alimony. [Finding of Fact No. 17.] Under 11 U.S.C. § 523(a)(5), a debt for domestic support obligation is exempt from discharge. Domestic support obligation is defined as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, . . . that is—
> (A) owed to or recoverable by—
>     (i) a . . . former spouse . . . of the debtor . . .
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such . . . former spouse . . . of the debtor . . . without regard to whether such debt is expressly so designated;
> (C) established . . . before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>     (i) a . . . divorce decree . . .
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily . . . for the purpose of collecting the debt.

11 U.S.C. § 101(14A). The debt at issue is owed to the Debtor's former spouse—the Claimant—and arises under the Divorce Decree that was issued before the order for relief. [Finding of Fact Nos. 1, 2, & 7.] For the purpose of this ruling, the Court assumes that the Claimant's interest has not been assigned to any other nongovernmental entity, though a contrary finding would not change the outcome. The issue is whether this debt is "in the nature of alimony, maintenance, or support." 11 U.S.C. § 101(14A)(B). The intent of the parties at the time the decree was executed governs whether a payment pursuant to that agreement is alimony, maintenance, or support. *In re Evert*, 342 F.3d 358, 368 (5th Cir. 2003). If the agreement between the parties clearly shows that the payment was intended as either a property settlement or support, then that interpretation will normally control. *Id.* However, if the agreement fails to explicitly provide for spousal support, the court may presume that a so-called property settlement is for support if it determines that there is an apparent need for such support. *Id.*

In evaluating the intent of the parties in the case at bar, this Court considers the following: (1) the sub-divisions in the Divorce Decree, (2) the expiration criteria for the payment, (3) the assignability of the payment, (4) any criteria for modifying the payment due to changed circumstances, and (5) whether the payment equalized a property distribution. *See id.* at 368-69. The Divorce Decree contained separate subdivisions designating Child Support and Division of Marital Estate. [Finding of Fact No. 12.] Several factors indicate that the award was intended as a property settlement, rather than an award for spousal support.

First, the Claimant's award was not made contingent on the Claimant remaining alive [Finding of Fact No. 9.] Alimony typically terminates if the beneficiary dies. *In re Evert*, 342 F.3d at 369. Second, the Divorce Decree placed no limits on the assignability of the award. [Finding of Fact No. 10.] Therefore, as a matter of law, the award is assignable. *See* Tex. Prop. Code Ann. § 12.014. Normally, alimony is not assignable or transferable. *In re Evert*, 342 F.3d at 369. Third, the Divorce Decree contains no provision to modify the award based on changed circumstances of the parties involved. [Finding of Fact No. 11.] Typically, alimony payments may be changed when the financial circumstances of the parties involved are significantly altered. *Id.* at 369. Fourth, the award appears to equalize a property distribution between the parties; the Debtor took sole possession of the Pompton Drive home valued between $75,000.00 and $88,991.00, and the Claimant was awarded $30,000.00 from the sale of the home. [Finding of Fact Nos. 4, 7, & 20.] So, assuming the property sold for its minimum value, the Debtor would receive $45,000.00 and the Claimant would receive $30,000.00. This award appears to be more of an equitable distribution than an award for spousal maintenance. Finally, the words "as alimony" were stricken from the final version of the Divorce Decree, and this change was

initialed by both parties. [Finding of Fact No. 13.] This change suggests that both parties intended that the Claimant's award not be characterized as alimony. Because the award does not exhibit the typical characteristics of alimony, is contained in a section entitled "Division of Marital Estate," and bears all the characteristics of an equitable distribution of property, this Court finds that the parties intended the payment as a property settlement. Therefore, Claim 8 is not for a domestic support obligation.

### 2. The Claimant's lien is an enforceable judicial lien on the Debtor's homestead.

The Debtor and the Claimant jointly owned the Pompton Drive home property while they were married. [Finding of Fact No. 6.] When they divorced, the Divorce Decree awarded the Debtor the Pompton Drive home and awarded the Claimant $30,000.00 secured by a lien against the Pompton Drive home. [Finding of Fact Nos. 4 & 7.] The Debtor subsequently filed a Chapter 13 petition and is now objecting to the Claimant's claim on the grounds that her claim is not properly secured by his homestead.[2] [Finding of Fact Nos. 14 & 18.]

A debtor generally may avoid the fixing of a judicial lien on property that is exempt as a homestead. 11 U.S.C. § 522(f)(1)(A); *see McVay v. Parrish (In re Parrish)*, 7 F.3d 76, 78 (5th Cir. 1993). However, the Supreme Court of the United States has held that a debtor may not avoid a judicial lien awarded as part of a divorce decree unless the debtor's interest in the property existed before the lien was fixed to the property. *Farrey v. Sanderfoot*, 500 U.S. 291, 301 (1991). It is established in the Fifth Circuit that liens created to secure a property distribution in a divorce decree are considered judicial liens. *In re Parrish*, 7 F.3d at 77; *In re Levi*, 183 B.R. 468, 471-72 (Bankr. N.D. Tex. 1995); *In re Norton*, 180 B.R. 168, 169 (Bankr.

---

[2] The Debtor stipulates that his ex-wife's claim is an allowed *unsecured* claim. The Debtor simply is contesting that her claim is an allowed *secured* claim.

7

E.D. Tex. 1995). Here, the Debtor argues that because the lien is not perfected, it may not be enforced. Next, the Debtor argues that Claim 8 is not properly secured. Finally, he argues that if the claim could be properly secured, it may nevertheless not be secured by his homestead. As discussed below, this Court finds that the lien is valid as between the Debtor and the Claimant and is properly secured by the Pompton Drive home pursuant to Texas law.

### a. The lien, though unperfected, is valid between the Debtor and the Claimant.

The Debtor contends that because the Claimant's lien is not perfected, Claim 8 is invalid and must be disallowed as a secured claim. However, in Texas, an unrecorded security interest is valid *as between the two parties to the security instrument*. Though it seems counter-intuitive in the bankruptcy context that an unrecorded interest should survive a challenge to its validity, an analysis of the instant case reveals just such a situation.

A proof of claim is considered prima facie valid if it complies with Federal Rule of Bankruptcy Procedure 3001. *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260 (5th Cir. 1998). This Court has previously addressed whether a proof of claim can survive violation of Rule 3001. *See In re Today's Destiny, Inc.*, 2008 Bankr. LEXIS 3577, at *21-22 (Bankr. S.D. Tex. 2008); *In re Gilbreath*, 395 B.R. 356, 368 (Bankr. S.D. Tex. 2008). In *In re Today's Destiny*, the proofs of claim were divided into three categories: (1) those that comply with 3001, (2) those that *substantially* comply with 3001, and (3) those that fail to comply with 3001 such that the debtor cannot evaluate the validity of the claim. *In re Today's Destiny, Inc.*, 2008 Bankr. LEXIS 3577, at *16-22. The claims within the first two categories were allowed because they provided sufficient information for the debtor to evaluate the validity of the claim. *Id.* at *22. However, because claims in the third category had no supporting documentation, the Court determined that these were not cognizable claims. *Id.*

8

In *In re Gilbreath*, a creditor filed seven proofs of claim that included the last four digits of the debtor's account number, the amount due, and statements that the creditor was the assignee of various financial institutions. *In re Gilbreath*, 395 B.R. at 359. The debtor objected to these claims for failure to comply with Rule 3001. In response, the creditor amended its proofs of claim to include additional documentation. *Id.* Because the creditor did not seek permission of the debtor or court to amend its claims, the amendments were not allowed. *Id.* at 367. Additionally, the creditor's failure to comply with Rule 3001 deprived its original proofs of claim of prima facie validity. *Id.* at 364. The debtor's objections to the claims were sustained because the original proofs of claim were insufficient to establish the validity of the creditor's claims. *Id.* at 369.

In the instant case, the applicable provision of Rule 3001(d) states: "If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). The Claimant's security interest was not recorded prior to the Debtor's bankruptcy petition, [Finding of Fact No. 5]; therefore, the Claimant was unable to attach documentary evidence that she perfected her security interest in strict compliance with the requirements of Rule 3001(d). However, because the Claimant has complied with Rule 3001 in all other respects, Claim 8 enjoys prima facie validity pursuant to Rule 3001(f). The Claimant submitted the official proof of claim form— Form 10—and attached the relevant portions of the Divorce Decree giving rise to Claim 8. [Finding of Fact No. 16.] Thus, the Claimant's proof of claim gave the Debtor ample notice of the basis and nature of the claim. Because the Claimant provided sufficient information to notify the Debtor of the basis and nature of her claim, the Court finds that the claim substantially

complies with the requirements of Rule 3001. *In re Today's Destiny, Inc.*, 2008 Bankr. LEXIS 3577, at *16-22.

Here, the Debtor's objection may properly be construed as an objection seeking disallowance pursuant to § 502(b)(1)—i.e. the Debtor's objection that the Claimant's claim is unperfected may be construed as an objection that her claim is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Therefore, the Court must determine whether the unperfected security interest is enforceable under Texas law.

In Texas, the validity of an unrecorded interest in property is controlled by § 13.001 of the Texas Property Code, which states:

> (a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.
> (b) The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument.

Tex. Prop. Code Ann. § 13.001. An unrecorded interest in property is invalid as to third-party creditors and subsequent purchasers of the property for valid consideration. Tex. Prop. Code Ann. § 13.001(a). However, an unrecorded interest in property remains valid against the parties bound by the instrument. Tex. Prop. Code Ann. § 13.001(b). In the instant case, the Divorce Decree is an agreement between the Debtor and the Claimant, which gives rise to the lien at issue. Therefore, under § 13.001(b), the Divorce Decree is a valid instrument as between the Debtor and the Claimant. Because the Divorce Decree is a valid instrument between the Debtor

10

and the Claimant, it is enforceable by the Claimant against the Debtor under Texas law and Claim 8 may not be disallowed pursuant to 11 U.S.C. § 502(b)(1).

### b. Claim 8 is fully secured.

The Debtor also contends that Claim 8 is not a secured claim, citing *Cole v. Cole*, 880 S.W.2d 477, 484 (Tex. App.—Fort Worth 1994, no writ) in support of his contention. However, in *Cole*, a husband was challenging a divorce decree on appeal; whereas, here, the Divorce Decree is a final judgment. *See Travelers Indem. Co. v. Bailey*, 2009 U.S. LEXIS 4537, at *31 (2009) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938)). Because the Divorce Decree is a final judgment, the Debtor may not collaterally attack the Divorce Decree in this Court. If the Debtor believes that the Divorce Decree is incorrect, his proper remedy is to appeal that judgment to the appropriate Texas court of appeals. Because this Court will not second-guess the final judgment of the family law court, it concludes that Claim 8 is properly secured by the Pompton Drive home pursuant to the Divorce Decree.

Even if this Court were to review the propriety of the family law court's judgment, the Divorce Decree is consistent with the reasoning from *Cole*. The *Cole* court held that awards given to ensure an equitable division of the entire community may only attach to a community homestead for the amount of the lienholder's original interest in that community homestead. *Cole*, 880 S.W.2d at 484. In *Cole*, the husband was awarded community property valued at $348,956.00, and the wife was awarded community property valued at $11,500.00. *Id.* In addition, the wife was awarded $176,378.00 in cash, secured by a lien against the couple's former homestead. *Id.* The homestead and attached real property were valued at $180,440.00. *Id.* The court found that the cash award was given to ensure an equitable division of the entire community and that the lien could only attach to the wife's one-half community interest in the

11

homestead. *Id.* at 484-85. Therefore, the court remanded the issue for clarification of the property distribution. *Id.* at 485.

In the instant case, the Debtor was awarded the Pompton Drive home valued between $75,000.00 and $88,991.00, and the Claimant was awarded $30,000.00 secured by a lien on that property. [Finding of Fact Nos. 4, 7, & 20.] Pursuant to the reasoning in *Cole*, the Claimant's lien is valid because it secures an amount less than the Claimant's pre-divorce community interest in the homestead. As such, it does not matter whether the award was to ensure an equitable division of the entire community or the Claimant's original interest in the homestead. Because the Claimant's security interest attached to less than half of the value of the Debtor's homestead—i.e. a minimum of $37,500.00—the Divorce Decree complies with *Cole* and the Claimant's award for $30,000.00 remains fully secured.

  c. **Claim 8 is properly secured by the Debtor's homestead.**

Finally, the Debtor contends that even if the claim is secured, it may not be secured by the Debtor's homestead. However, the United States Supreme Court has determined that a debtor may not avoid a judicial lien awarded as part of a divorce decree pursuant to § 522(f)(1)(A) unless the debtor's interest in the property existed before the lien was fixed to the property. *Farrey*, 500 U.S. at 301. In *Farrey*, a couple divorced and their marital estate was divided pursuant to a divorce decree. *Id.* at 292-93. During their marriage, the couple jointly owned real property containing their homestead. *Id.* at 292. The husband was awarded the real property and homestead, and the wife was awarded a judicial lien securing payment for her original interest in the property. *Id.* at 293. The husband failed to make the required payments and later filed a voluntary Chapter 7 petition. *Id.* He then attempted to avoid the judicial lien via

11 U.S.C. § 522(f)(1)(A)[3]; however, the Court ruled that the exemption did not apply because the husband did not have an existing interest in the property when the lien attached—this is so because the divorce decree simultaneously extinguished each spouse's joint interest in the property, revested the husband with a fee simple interest in the property, and provided the wife a cash award secured by a lien on the property. *Id.* at 299-300. The Supreme Court determined that "[s]ince [the husband] never possessed his new fee simple interest before the lien 'fixed,' § 522(f)(1) is not available to void the lien." *Id.* at 300.

> [T]he legislative history suggests that Congress primarily intended § 522(f)(1) as a device to thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions. That is not what occurs in a divorce proceeding such as this. [The wife] obtained the lien not to defeat [the husband's] pre-existing interest in the homestead but to protect her own pre-existing interest in the homestead that was fully equal to that of her spouse. The divorce court awarded the lien to secure an obligation the court imposed on the husband in exchange for the court's simultaneous award of the wife's homestead interest to the husband. We agree with Judge Posner that to permit a debtor in these circumstances to use the Code to deprive a spouse of this protection would neither follow the language of the statute nor serve the main goal it was designed to address.

*Id.* at 300-01.

The facts in the instant case are strikingly similar to those in *Farrey*. Here, the Whites divorced and their marital estate was distributed pursuant to the Divorce Decree. [Finding of Fact Nos. 1 & 2.] Just as the husband in *Farrey*, the Debtor was awarded the couple's real property containing their former homestead. [Finding of Fact No. 4.] Just as the wife in *Farrey*, the Claimant was awarded a claim secured by the homestead. [Finding of Fact No. 7.] Here, the

---

[3] The relevant portion of 11 U.S.C. § 522 states:
   (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
      (A) a judicial lien . . . .

13

Debtor paid a portion of the amount due to the Claimant; he then filed a voluntary Chapter 13 petition and is now attempting to avoid the lien. [Finding of Fact Nos. 14, 15, & 18.] While *Farrey* applied Wisconsin law, the Honorable David Hittner, United States District Judge for the Southern District of Texas, explained that the same approach applies in Texas with regard to community property. *Finch v. Finch (In re Finch)*, 130 B.R. 753, 756 (S.D. Tex. 1991). In Texas, a property division under a divorce decree divests both parties of their shared property interests and then revests them with sole and separate fee simple interests as dictated by the terms of the decree. *Id.*

Applying these legal principles to the present case, the Debtor and the Claimant were both divested of their community interest in the Pompton Drive home when the Divorce Decree was entered. The Debtor was then awarded sole and separate ownership of the Pompton Drive home, and the Claimant's lien contemporaneously attached to that property. Therefore, because the Debtor did not have an existing interest in the Pompton Drive home before the lien attached, Claim 8 is properly secured.

### IV. CONCLUSION

The claim at issue is a cash award secured by a lien on the Debtor's homestead arising out of a divorce decree. The Debtor correctly objects that the claim is not for alimony. The intent of the parties, as evidenced by the language of the Divorce Decree, indicates that the cash award was a property division. Additionally, under Texas law, the lien is enforceable as between the Debtor and the Claimant and the proof of claim substantially complies with the requirements of Federal Rule of Bankruptcy Procedure 3001. Finally, Claim 8 is properly secured by the

Debtor's homestead because the Claimant's lien attached to the Pompton Drive home before the Debtor obtained his fee simple interest in that property.

The Court notes that the Chapter 13 Trustee has not sought to avoid the Claimant's lien pursuant to 11 U.S.C. § 544, [Finding of Fact No. 23], and, as such, this Court expressly refrains from addressing the issue of whether the Claimant's lien is avoidable under 11 U.S.C. § 544 either by the Trustee or, under limited circumstances, by the Debtor.[4]

For all the reasons set forth above, this Court finds that Claim 8 is a valid, secured claim and that the Objection should be overruled. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry of this Memorandum Opinion.

Signed this 9th day of July, 2009.

Jeff Bohm
United States Bankruptcy Judge

---

[4] A debtor may, under certain limited circumstances, exercise the trustee's avoidance powers with respect to certain involuntary transfers. *See* 11 U.S.C. § 522(h) (providing that a debtor may avoid an involuntary transfer of property if such transfer is avoidable by the trustee under §§ 544, 545, 547, 548, 549, or 724(a) and the trustee does not attempt to avoid such transfer).